## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LUCILLE DUNLAP,
          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency,

    and

TERRY K. SULLIVAN,
          Intervenor.

DOCKET NUMBER
PH-0841-19-0230-I-1

DATE:  August 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Florence Foster, Baltimore, Maryland, for the appellant.

Alison Pastor, Washington, D.C., for the agency.

Terry K. Sullivan, Esquire, Baltimore, Maryland, pro se.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

# REMAND ORDER

The intervenor has filed a petition for review of the initial decision, which remanded the appellant's appeal of the final decision of the Office of Personnel Management (OPM) appointing the intervenor as the appellant's representative payee back to OPM for further consideration. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. For the reasons discussed below, we DENY the petition for review, AFFIRM the initial decision, and REMAND the case to OPM for further consideration.

# BACKGROUND

The appellant retired from the Department of Veterans Affairs, effective January 2, 2010. Initial Appeal File (IAF), Tab 6 at 30, 33. On July 20, 2017, OPM approved the application of A.W. to become the appellant's "guardian/conservator," also known as a representative payee, which is the individual responsible for using or conserving retirement benefits in the best interest of the annuitant. *Id*. at 19-22. Nearly 2 years later, the intervenor in the instant Board appeal, Terry Sullivan, Esquire, submitted an application to OPM to become the appellant's new representative payee, effectively replacing A.W.,

based on a decision by the Circuit Court for Prince George's County to appoint her as guardian of the appellant's property. *Id*. at 13-18. On April 1, 2019, OPM approved the intervenor's application to become the appellant's representative payee and issued a final decision informing the appellant of the appointment. *Id*. at 8-12.

The appellant appealed OPM's final decision to the Board. IAF, Tab 1. She did not contest OPM's decision to appoint a representative payee; however, she stated that she wished to have her daughter as the payee and that she "had never met th[e] person" appointed by OPM. *Id*. at 5. She also claimed that she was "constantly" a victim of fraud. *Id*. In an order, the administrative judge provided the appellant with the opportunity to submit documents demonstrating that her retirement matters had been mismanaged and informed her that any such evidence must be filed no later than September 6, 2019. IAF, Tab 13 at 2.

Additionally, because OPM's final decision and the appellant's appeal implicated Ms. Sullivan's rights, the administrative judge issued an intervenor notice informing her of her right to participate in the proceedings. IAF, Tab 8. Thereafter, as an intervenor, she filed a motion to dismiss, arguing that the appellant's allegation of fraud concerned only the first representative payee and that the appellant presented no evidence that she, as the current representative payee, had committed any fraud against the appellant. IAF, Tab 14. Following the appellant's response to the motion to dismiss, IAF, Tab 15, the administrative judge scheduled a telephonic status conference for October 16, 2019, at which the intervenor failed to appear, IAF, Tab 16, Tab 17, Status Conference Recording (SCR).

During the status conference, the appellant's representative before the Board, who is also her daughter and the person she wishes to make her representative payee, IAF, Tab 12, Tab 15 at 4, informed the administrative judge that she had attempted to submit documentation supporting the appellant's claim that her retirement matters had been mismanaged, pursuant to the prior order

issued by the administrative judge, but that she was having difficulty with e-Appeal, so she emailed the documents to a paralegal, SCR. The administrative judge informed the appellant's representative that emailing documents was not an appropriate way to have documents entered into the record, but that, due to her difficulties, he would add the documents to the administrative record so that the record reflected the submission. *Id*. OPM's representative, who was also present for the status conference, did not object. *Id*.

Additionally, during the status conference, the appellant's representative again indicated that the appellant was not challenging OPM's determination that she lacks the ability to manage her own financial affairs and expressed the appellant's desire to have her designated as the representative payee. *Id*. OPM's representative indicated that OPM had not considered the appellant's daughter when it appointed the intervenor and that, if the appellant's daughter submitted a representative payee application, it would do so. *Id*. In light of this discussion, the administrative judge informed the parties that he would issue an initial decision remanding the case to OPM to consider appointing the appellant's daughter as her representative payee. *Id*. He did not rule on the intervenor's motion to dismiss.

Two days later, the administrative judge issued an initial decision remanding the matter back to OPM for further consideration. IAF, Tab 19, Initial Decision (ID). The intervenor has filed a petition for review, which is largely duplicative of her motion to dismiss. Petition for Review (PFR) File, Tab 2. In addition to reasserting that the appellant failed to produce any evidence demonstrating that she mismanaged the appellant's retirement affairs, she argued that she was not aware of the status conference and did not intend to waive her appearance. *Id*. at 6-7. She also claims that she never received the appellant's response to her motion to dismiss and that she received the appellant's supplemental documents after the deadline set by the administrative judge. *Id*. at 5-6. She further argues that the administrative judge should have dismissed the

appeal due to the appellant's failure to timely comply with his order to produce documentation, evidencing mismanagement of her retirement matters, and to timely serve her response to the motion to dismiss. *Id*. at 5-6.

OPM has responded to the intervenor's petition, to which the intervenor has replied. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

It is well settled that the Board may only consider retirement issues that have been the subject of an OPM final decision. *See Kilpatrick v. Office of Personnel Management*, 94 M.S.P.R. 609, ¶ 8 (2003). Here, neither the appellant, nor OPM, nor the intervenor appears to dispute that OPM did not consider whether the appellant's daughter should be the representative payee. Additionally, it seems that OPM is currently considering the appellant's daughter's application to be designated as the appellant's representative payee. PFR File, Tab 5 at 5. Accordingly, we discern no error in the administrative judge's decision to remand the appeal to OPM for further consideration.[2]

We have considered the intervenor's arguments on review but do not believe that any provide a basis to disturb the initial decision. *See* 5 C.F.R. § 1201.115. Although we agree with the intervenor that the supplemental documents submitted by the appellant below do not appear to demonstrate that the intervenor mismanaged the appellant's retirement matters because they concern only the actions of the original representative payee, IAF, Tab 18; PFR File, Tab 2 at 6, we do not believe that such a showing is wholly necessary to the determination of who should be designated as the appellant's representative payee.[3] Regardless of whether the intervenor properly or improperly managed the

---

[2] OPM does not appear to have published or submitted to the Board any guidance on its procedures for appointing a representative payee. Thus, we are unable to determine what the appropriate procedures are beyond the submission of an application by a willing party to become a representative payee. IAF, Tab 6 at 14-15.

[3] The intervenor also argues on review that the supplemental documents that the appellant submitted below were improperly filed and that she did not have an

appellant's retirement matters, OPM may nonetheless still conclude, after further development of the issue upon remand, that the appellant's daughter is a suitable and preferable representative payee independent of any analysis of the intervenor's conduct.

The intervenor also argues on review that she did not receive notice of the status conference and, therefore, did not have a sufficient opportunity to address the appellant's, OPM's, and the administrative judge's discussion regarding remanding the appeal for additional consideration. PFR File, Tab 2 at 6-7. She claims that the email notification from the e-Appeal system was inadvertently sent to her spam folder and was only later located after utilizing the assistance of information technology personnel. *Id*. at 6. The intervenor's argument does not provide a basis to disturb the initial decision. The Board's regulations provided that e-filers were responsible for ensuring that email from @mspb.gov was not blocked by filters and for monitoring case activity at e-Appeal to ensure that they had received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3) (2019). Here, the intervenor was registered as an e-filer at the time, IAF, Tab 9, and was therefore responsible for monitoring case activity, *see Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013); 5 C.F.R. § 1201.14(j)(3) (2019). Thus, the intervenor's failure to attend the status conference was attributable to her own lack of due diligence. *See Mills*, 119 M.S.P.R. 482, ¶ 6.

The intervenor also argues on review that the administrative judge should have dismissed the appeal due to the appellant's failure to: (1) timely comply with his August 21, 2019 order providing her with the opportunity to submit documentation supporting her assertion that her retirement matters were

---

opportunity to respond to them before the administrative judge issued the initial decision. PFR File, Tab 2 at 6. Although the initial decision was issued 2 days after the appellant's documents were added to the administrative record and made available in e-Appeal, we do not believe that the intervenor suffered any harm, as the administrative judge did not conclude that they demonstrated that she failed to fulfill her duties as a representative payee. ID at 2-4. In fact, the administrative judge did not rely on any of the supplemental documents in the initial decision. *Id*.

mismanaged; and (2) timely serve the intervenor with her response to the intervenor's motion to dismiss. PFR File, Tab 2 at 5-6.

It is well established that an administrative judge has broad discretion in controlling the proceedings before him, which includes the authority to impose sanctions for failure to respond to his orders or to make a timely filing. *See Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 11 (2009); 5 C.F.R. §§ 1201.41(b)(11), 1201.43(a), (c). Generally, the sanction of the dismissal of an appeal is reserved for cases in which an appellant fails to prosecute her appeal. *See* 5 C.F.R. § 1201.43(b). The Board's regulations typically do not provide for dismissal of an appeal as a sanction in cases when an appellant fails to comply with an administrative judge's order or fails to make a timely filing. *See* 5 C.F.R. § 1201.43(a), (c) (providing the appropriate sanctions for the failure to comply with an order or to make a timely filing).

In any event, as discussed above, the lack of evidence regarding the alleged mismanagement of the appellant's retirement affairs by the intervenor does not preclude OPM from considering another representative payee. *See supra* ¶ 10. Regarding the intervenor's assertion that the appellant failed to serve her with the response to the motion to dismiss, PFR File, Tab 2 at 5, the record shows that the appellant's response was electronically filed via e-Appeal on September 28, 2019, IAF, Tab 15. Although the intervenor claims that information technology personnel searched her email and were unable to locate a notification from the e-Appeal system informing her of the appellant's response, it appears that she has since reviewed the response because she has addressed its contents in her petition for review. PFR File, Tab 2 at 5. Therein, she asserts that the appellant's response contains only more allegations against the prior representative payee, and she states that she is entitled to a ruling on the motion. *Id*. at 5, 7. We have considered the motion, and for the reasons already discussed here, we deny it. Based on the foregoing, we discern no error in the administrative judge's decision

not to dismiss the appeal on the grounds asserted by the intervenor and to remand the appeal to OPM.

Accordingly, we deny the intervenor's petition for review, and we affirm the initial decision.[4]

## **ORDER**

For the reasons discussed above, we remand this case to OPM for further consideration.

On remand, OPM shall consider the appellant's preferred representative payee's application and shall allow the appellant and/or her preferred representative payee the opportunity to submit evidence and argument in support of that application. OPM shall also allow the intervenor the opportunity to respond to any evidence and argument submitted by the appellant and/or her preferred representative payee concerning the question of who should act as the appellant's representative payee.

OPM shall issue a new final decision addressing the question of who should act as the appellant's representative payee. In that decision, OPM shall advise the appellant of the right to file an appeal with the Board if she disagrees with that new decision. *See* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 831.110, 841.308. Any such appeal must be filed consistent with the Board's regulations. We ORDER the appellant to provide all necessary information that OPM requests to help it carry out the Board's Order. *See* 5 C.F.R. § 1201.181(b).

If OPM fails to issue the ordered decision within 60 days of the date of this order, the appellant may file a petition for enforcement with the regional or field office that issued the initial decision in this appeal. 5 C.F.R. § 1201.181(a). The petition should contain specific reasons why the appellant believes that OPM has

---

[4] In her petition for review, the intervenor also requests a hearing. PFR File, Tab 2 at 7. The Board's regulations provide that, although intervenors generally have the same rights and duties as parties, they do not have an independent right to a hearing. *See* 5 C.F.R. § 1201.34(d)(1). Therefore, we deny the intervenor's request for a hearing.

not fully carried out the Board's Order and should include the dates and results of any communications with OPM about its progress in issuing its final decision. 5 C.F.R. § 1201.182(a). Any petition for enforcement must be filed within 90 days of the date of this order.

FOR THE BOARD:          *Gina K. Grippando*
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.